UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 13-1868 JGB (DTBx)** | Date | December 4, 2013 |
|---|---|---|---|
| Title | ***Douglas W. Froehlke v. Homecomings Financial Network, Inc., et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Judgment and Order (1) DENYING Plaintiff's Motion for a Temporary Injunction (Doc. No. 5); (2) GRANTING Defendants' Motion to Dismiss (Doc. No. 12); (3) VACATING the December 16, 2013 Hearing; and (4) DISMISSING Bank of America, NA and ReconTrust Company, NA WITHOUT PREJUDICE (IN CHAMBERS)**

Before the Court are Plaintiff's motion for a temporary injunction (Doc. No. 5) and Defendants' motion to dismiss (Doc. No. 12). The Court finds these matters appropriate for resolution without a hearing pursuant to Local Rule 7-15. After considering the papers timely filed in support of and in opposition to the motions, the Court DENIES the motion for a temporary injunction and GRANTS the motion to dismiss.

## I.  BACKGROUND

On October 15, 2013, Plaintiff Douglas Ward Froehlke ("Plaintiff") filed his Complaint stating ten causes of action all pertaining to a mortgage on the real property located at 2050 Carbon Canyon Road, Chino Hills, California (hereinafter, "the Property"). (Compl. ¶ 7, Doc. No. 1.) Along with his Complaint, Plaintiff filed a motion for a temporary injunction. ("MTI," Doc. No. 5.) Defendants Bank of America, NA and ReconTrust Company, NA (collectively, "Defendants") filed an opposition to the MTI on November 4, 2013. ("MTI Opp'n," Doc. No. 6.) Defendants also request judicial notice of five documents in support of their opposition.

("RJN," Doc. No. 7.)[1]  Pursuant to the judicially noticeable documents, Plaintiff executed a deed of trust for $1,000,000 for the Property, which named non-moving Defendant Homecomings Financial Network, Inc. ("Homecomings") as the lender, Fidelity National Title as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary.  (RJN, Exh. A.)  On April 26, 2012, MERS assigned the deed of trust to Bank of America.  (RJN, Exh. B.)  On July 25, 2013, Bank of America substituted ReconTrust as trustee.  (RJN, Exh. C.)  Plaintiff defaulted on the loan on July 25, 2012, and ReconTrust recorded a notice of default indicating Plaintiff owed $20,713.91.  (RJN, Exh. D.)  On November 5, 2012, ReconTrust recorded a notice of trustee's sale.  (RHN, Exh. E.)  There is no sale date scheduled on the Property.

On November 8, 2013, Defendants filed a motion to dismiss the Complaint.  ("MTD," Doc. No. 12.)  No opposition has been filed.

## II.  LEGAL STANDARD

### A.  Motion for Temporary Injunction

Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and Plaintiff has the burden of proving the propriety of such a remedy by clear and convincing evidence.  See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 442 (1974).  In general, the showing required for a temporary restraining order and a preliminary injunction are the same.  Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 (9th Cir. 2001).

As recognized by the Supreme Court in Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008), the party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter, 129 S. Ct. at 374).

### B.  Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted.  As a general matter, the Federal Rules require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds

---

[1] The Court grants Defendants' requests for judicial notice.  Exhibits A through E are matters of public record which are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, namely the records filed with the Records Office of San Bernardino County, California.  See Skilstaf v. CVS Caremark Corp., 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) ("[A] court may take judicial notice of matters of public record . . . as long as the facts noticed are not subject to reasonable dispute.") (internal quotations omitted).

upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party. <u>See Doe v. United States</u>, 419 F.3d 1058, 1062 (9th Cir. 2005); <u>ARC Ecology v. U.S. Dep't of Air Force</u>, 411 F.3d 1092, 1096 (9th Cir. 2005); <u>Moyo v. Gomez</u>, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 545.

## III. DISCUSSION

### A. Motion for Temporary Injunction

The Complaint alleges claims for:

1. Breach of contract, Impaired covenant of good faith and fair dealing;
2. RICO (mislabeled as "Violation of Cal. Civ. Code § 2923.5");
3. Usury and misrepresentation;
4. Violation of Cal. Civ. Code § 2923.5;
5. Violation of Cal. Bus. & Prof. Code § 17200, et seq.;
6. Violation of unfair debts collection practices;
7. Wrongful foreclosure, fraud and misrepresentations; and
8. Intentional infliction of emotional distress.

The eight causes of action are not supported by any facts. Instead, the claims are based on the legal theory that the money Defendants loaned to Plaintiff, which he used to purchase the Property, was not "lawful money" because it was not backed by "gold and silver coins." (Compl., ¶¶ 9, 13-15, 19.)

The theory underlying Plaintiff's claims is untenable, frivolous and must be rejected outright. Plaintiff's claims and other similar theories, have been repeatedly dismissed by the courts as baseless. <u>See, e.g.</u>, <u>United States v. Condo</u>, 741 F.2d 238, 239 (9th Cir. 1984) (theory that federal reserve notes are not valid currency is frivolous); <u>Foret v. Wilson</u>, 725 F.2d 254, 254-55 (5th Cir. 1984) (argument that gold and silver is the only legal tender in United States is hopeless and frivolous); <u>Beaner v. United States</u>, 361 F. Supp. 2d 1063, 1067-69 (D.S.D. 2005) (granting defendants' motion to dismiss plaintiffs' claim that their mortgage was void because they did not receive legal tender of gold or silver and ordering plaintiffs to pay sanctions for making frivolous arguments); <u>Rene v. Citibank, N.A.</u>, 32 F. Supp. 2d 539, 544-45 (E.D.N.Y. 1999) (dismissing the defaulting plaintiff's attempt to rescind a home loan based on its allegation that the lender had provided "illegal tender"); <u>Nixon v. Indiv. Head of Saint Joseph Mortgage</u>

Co., 615 F. Supp. 898, 899-901 (N.D. Ind. 1985) (dismissing the plaintiff's case to rescind his home loan based on plaintiff's argument that the loan was not backed by legal money and noting that his "arguments and claims [were] absurd" and "smack[ed] of bad faith"); Sneed v. Chase Home Finance, LLC, 2007 WL 1851674, at *3-4 (S.D. Cal. June 27, 2007). Because Plaintiff's claims are not supported by any facts and are based on theories that have no basis in the law, Plaintiff is unlikely to succeed on the merits of the allegations in the Complaint.

The propriety of a temporary injunction hinges on a significant threat of irreparable injury, Simula, Inc. Autoliv, Inc., 175 F.3d 716, 725 (9th Cir. 1999), that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). Here, there is no scheduled sale of the Property, and thus the Court cannot find that irreparable injury is imminent. See Rodriguez v. Bank of Am., N.A., Ass'n, SACV 11-0076, 2011 WL 166633, at *2 (C.D. Cal. Jan. 18, 2011) ("Plaintiffs do not allege that a foreclosure sale is even scheduled, let alone provide the Court with a date for any such a sale. . . . . Plaintiffs have thus failed to show that they are entitled to the drastic remedy of emergency injunctive relief.").

Finally, the balance of equities and the public interest do not favor granting Plaintiff a temporary injunction of the foreclosure sale. Since Plaintiff has defaulted on his loan and has made no showing of an ability to tender, the Court finds that the balance of equities tip in favor of Defendants who are not receiving loan payments from Plaintiff. See Reganit v. Kay–Co. Invs., Case No. 2:09cv1120, 2009 U.S. Dist. LEXIS 34883, at *3–4 (E.D. Cal. Apr. 24, 2009) (denying an application for a temporary restraining order to enjoin a foreclosure sale because "Plaintiff has not indicated she is able to tender "); Chen v. PMC Bancorp, Case No. 09cv2704–WQH–BLM, 2010 WL 596421, at *4 (S.D. Cal. Feb.16, 2010) (same).

Accordingly, the Court DENIES Plaintiff's motion for a temporary injunction.

**B. Motion to Dismiss**

On November 8, 2013, Defendants filed a motion to dismiss the Complaint and set it for hearing on December 16, 2013. ("MTD," Doc. No. 12.) Under Local Rule 7-9, a party must file opposition papers no later than 21 days before the date designated for the hearing of the motion. Plaintiff filed no timely opposition. Under Local Rule 7-12, the Court finds Plaintiff has consented to the granting of the MTD. The Court therefore GRANTS Defendants' MTD.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for a temporary injunction (Doc. No. 5) and GRANTS Defendants' motion to dismiss (Doc. No. 12). The December 16, 2013 hearing on the MTD is VACATED. Defendants Bank of America, NA and ReconTrust Company, NA are DISMISSED from the Complaint WITHOUT PREJUDICE. The Court orders that such judgment be entered.

**IT IS SO ORDERED.**